EXHIBIT A

IN THE COURT OF COMMON PLEAS OF
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **OHIO DECORATIVE PRODUCTS, LLC** | : | CASE NO. A2303181 |
| | : | |
| 220 South Elizabeth Street | : | JUDGE LISA ALLEN |
| Spencerville, OH 45887 | : | |
| | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| V. | : | |
| | : | |
| **TRC ENVIRONMENTAL CORPORATION** | : | |
| | : | |
| 3 CORPORATE DRIVE | : | **AMENDED COMPLAINT** |
| SUITE 202 | : | |
| CLIFTON PARK, NY 12065 | : | **(JURY TRIAL DEMANDED)** |
| | : | |
| ALSO SERVE: CT CORPORATION SYSTEM | : | |
| REGISTERED AGENT | : | |
| 4400 EASTON COMMONS WAY | : | |
| COLUMBUS, OH 43219 | : | |
| | : | |
| | : | |
| DEFENDANT. | : | |

Plaintiff, Ohio Decorative Products, LLC for its amended complaint against Defendant, TRC Environmental Corporation, states the following:

## PARTIES AND JURISDICTION

1. Ohio Decorative Products is an Ohio limited liability company with its principal place of business in Spencerville, Ohio.

2. TRC is an environmental consultant incorporated in Connecticut with its principal place of business in Connecticut.

3. This Court has personal jurisdiction over TRC under R.C. 2307.382(A)(1)-(2) because it transacted business with Ohio Decorative Products in Ohio and contracted to supply services to Ohio Decorative Products in the State of Ohio.

1

## Factual Allegations

4.       Ohio Decorative Products owned a former metal plating manufacturing facility at 220 South Elizabeth Street, Spencerville, Ohio (the "Site").

5.       The Site is contaminated and Ohio Decorative Products is working with Ohio EPA to clean it up.

6.       Ohio Decorative Products is out of business. It remains in existence solely to complete the remediation of its environmental liabilities in Spencerville.

7.       Ohio Decorative Products hired TRC to advise it regarding regulatory compliance issues.  The initial contract was executed on July 24, 2017 and is attached as Exhibit A ("Initial Contract").  TRC also supervised demolition work at the Site.  Subsequently, TRC was retained to provide remediation services pursuant to  work authorizations dated May 3, 2021, May 19, 2021 and November 5, 2021 ("Work Authorizations"). The Work Authorizations are attached as Exhibits B, C and D.

8.       TRC designed the remedy and acted as general contractor for Ohio Decorative Products.

9.       TRC prepared bid specifications to retain a remediation contractor to implement the remediation designed by TRC.

10.       AST Corporation ("AST") was the successful bidder and executed a remediation agreement prepared by TRC ("AST Agreement").

11.       Pursuant to the AST Agreement, TRC agreed to act as Ohio Decorative Product's representative and engineer and oversee AST's remediation work.

12.       Ohio Decorative Products engaged TRC to be its engineer of the remediation with on-site eyes and ears during the remediation.

13.       Ohio Decorative Products reasonably relied on TRC to design and implement the most efficient and cost-effective remedy.

14.       TRC estimated that the remediation would cost $1.46 million as a best case

2

and $2.97 million as a worst case. The worst case estimate included a 25% contingency.

15.     TRC was advised that Ohio Decorative Products only had enough funds for the remediation of the Site and another site in Edgerton, Ohio ("Edgerton Site").  TRC was also retained to remediate the Edgerton Site.

16.     TRC had a professional duty to advise Ohio Decorative Products of all alternatives to enable Ohio Decorative Products to stay within budget and not exceed Ohio Decorative Products' available funds.

17.     After TRC took soil borings and groundwater samples (paid for by Ohio Decorative Products), it revised its worst case estimate to $3,397,200. That figure included $2,597,200 for remediation and $800,000 for papering the file with Ohio EPA.

18.     That revised estimate was for removal of 580 cubic yards of hazardous waste and 3,400 cubic yards of non-hazardous soil over a ten week period.

19.     TRC's estimate for the remediation was woefully inaccurate. In the end, Ohio Decorative Products was  billed $6.7 million and that did not complete the remediation.

20.     TRC's actual timeframe and billings are depicted in this chart:

| TRC Estimate | Costs Expended |
|---|---|
| Nov. 2017 | |
| Jan. 21, 2021 | $426,000 |
| Sept. 24, 2021 | $1,838,748 |
| Oct. 27, 2021 | $2,639,837 |
| Nov. 27, 2021 | $3,341,784 |
| Dec. 31, 2021 | $4,566,549 |
| Jan. 28, 2022 | $5,935,323 |
| Feb. 25, 2022 | $6,700,000 |

21.     By September 2021, TRC had already removed 560 cubic yards of hazardous waste from the site. By December 2021 2,684 cubic yards of hazardous material had been removed.  TRC continued the excavation and removed an additional 1,870 cubic yards of hazardous material in January and February.

22. Meanwhile, Ohio EPA was suggesting less costlier risk-based remedial options.

23. While the remediation was escalating and exceeding all expectations, TRC never hit the pause button or advised Ohio Decorative Products of the less costlier risk-based remedial option.

24. TRC did not propose a risk-based clean up to Ohio Decorative Products until January 2022, but by then the damage had been done. Had TRC proposed a risk-based clean up in October 2021, Ohio Decorative Products would have saved millions of dollars.

## COUNT I BREACH OF CONTRACT

25. Ohio Decorative Products incorporates the preceding allegations as if fully set forth here.

26. The Terms & Conditions of the Initial Contract were incorporated into the Work Authorizations and TRC's agreement to supervise AST and oversee the remediation of the Site.

27. Ohio Decorative Products performed its obligations under the terms and conditions of the Initial Contract and Work Authorizations.

28. The Initial Contract states, "In performing services, [TRC] agrees to exercise professional judgment, made on the basis of the information available to [TRC] and to use the same standard of care and skill ordinarily exercised in similar circumstances by consultants performing comparable services in the region." (Ex. A ¶ 6.1.)

29. TRC breached this standard of care by grossly underestimating the volume of hazardous material to be removed and the cost of the remediation.

30. TRC breached this standard of care by failing to advise Ohio Decorative Products of the far less costly risk-based remediation option.

4

31.     TRC breached this standard of care by failing to advise Ohio Decorative Products of cleanup level 10 times higher than the cleanup level TRC eventually implemented after its cost estimates had been significantly exceeded.

32.     TRC breached the standard of care by failing to employ the far less costly risk-based option.

33.     TRC breached this standard of care by failing to inform Ohio Decorative Products that the remediation would significantly exceed its estimates.

34.     TRC's above-outlined breaches constitute a breach of its contract with Ohio Decorative Products.

35.     As a result of TRC's breach Ohio Decorative Products has been significantly damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Ohio Decorative Products requests that the Court:

1.     Enter judgment in its favor against TRC in an amount not less than $25,000.

2.     Award Ohio Decorative Products its actual damages, attorneys' fees, and court costs.

3.     Award other such relief as is just and proper in the premises.

5

Respectfully submitted,

*/s/ Michael L. Meyer*
Michael L. Meyer (0093190)
TAFT STETTINIUS & HOLLISTER, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
P: (513) 381-2838
F: (513) 381-0205
E: mmeyer@taftlaw.com

Jeffrey D. Stemerick (*pro hac vice expected*)
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square
Suite 3500
Indianapolis, IN 46204-2023
P: (317) 713-3414
F: (317) 713-3699
E: jstemerick@taftlaw.com

E. Sean Griggs (*pro hac vice expected*)
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
P: (317) 236-1313
F: (317) 231-7433
E: sean.griggs@btlaw.com

*Attorneys for Ohio Decorative Products, LLC*

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

*/s/ Michael L. Meyer*
Michael L. Meyer (0093190)

129832116v1

6

# Exhibit A



11231 Cornell Park Drive
Cincinnati, Ohio 45242

513.489.2255 PHONE
513.489.2533 FAX

www.TRCsolutions.com

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

July 24, 2017

Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957

Attention:     Mr. Kim K. Burke, Partner

Reference:     Environmental Consulting Services
               Spencerville, Ohio Property
               Proposal No. 283803.9990a.0000

Dear Mr. Burke:

At your request, TRC Environmental Corporation (TRC) is pleased to provide this proposal for environmental consulting services associated with the Ohio Decorative Products property in Spencerville, Ohio. We understand that this assignment would be performed to assist you in providing legal advice to your client regarding the environmental condition of the property. TRC further understands that this matter is confidential and all information gathered during our services will be subject to attorney-client privilege.

The former manufacturing facility on the property closed in 2011 and interim actions have been taken to meet Ohio regulatory requirements. In August 2016, Ohio EPA became aware of potential RCRA violations at the property, and later requested sampling at several areas of the site. Significant sampling activities were performed and are summarized in a June 19, 2017 draft RCRA Facility Investigation (RFI) Report prepared by SES. Discussions regarding Ohio EPA Director's Final Findings and Orders (DFFOs) are currently underway that will dictate future actions at the property. The regulatory programs that are applicable to the property conditions include Federal and Ohio RCRA rules and potentially Ohio's Voluntary Action Program (VAP).

**TRC QUALIFICATIONS**

TRC is very experienced with projects of this nature, and we focus on working with our clients and their legal counsel to achieve practical and efficient resolution of regulatory obligations. We are nearing the successful completion of two complex properties for which RCRA obligations are being resolved according to DFFOs with EPA. We have solid relationships with regulatory personnel at Ohio EPA Central Office (including legal staff), and the Ohio EPA Northwest District Office. We have completed several complex RCRA Corrective Action Projects in Ohio and have three others ongoing. We have also completed three successful VAP projects in Ohio EPA's Northwest District.

I, Donald Fay, would serve as the primary point-of-contact for this matter. I am a VAP Certified Professional in good standing (#254), and am experienced with RCRA closures, RCRA Corrective Action, and the VAP. I would be supported by experienced TRC staff in our Cincinnati, Cleveland, Fort Wayne, and Ann Arbor offices as needed, depending on the nature of the project needs. TRC is qualified

283803.9990.0000/sap

Mr. Kim Burke
Taft Stettinius & Hollister LLP
July 24, 2017

Page 2

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

to provide the full range of site investigation, regulatory review, agency negotiation, risk assessment, remedial design, and other services that may be needed for successful resolution.

**PROPOSED SCOPE OF SERVICES**

**Task 01: Document Review**

TRC will review all prior environmental assessments and other documents that are provided for the property. We will also obtain standard historical (aerial photographs, insurance maps, etc.) and regulatory database information for the property to the extent needed, but not provided. Upon review of the information, we will participate in a conference call to discuss our initial findings and alternatives for resolving the regulatory obligations for site conditions.

**Task 02: Ohio EPA Meeting**

If requested, TRC will participate in a meeting at Ohio EPA's Central Office in Columbus. The meeting will be attended by Donald Fay, and possibly another member of TRC that will be involved with the matter. If instructed by you, we will prepare a draft summary memorandum of our findings and/or key maps/figures for your review. Travel time and expenses for this meeting are not included, since they are included in our budget for another property owned by your client. We assume that both of your client's properties would be discussed in the same meeting.

**Schedule**

TRC can initiate the document review immediately, and is available to attend the Ohio EPA meeting in early August. We are also available to provide follow-up services as required after the meeting.

**Cost**

We propose a time and materials, not to exceed fee of $6,500 for the above scope of work. We will invoice for actual time and expenses according to the attached fee schedule. Donald Fay's billing rate is $221 per hour.

This estimate may change if additional work or any other services not specifically included in the scope of work are requested or required. If TRC determines this estimated amount to be insufficient to complete the scope of work, TRC will provide an estimate of the additional cost for authorization.

The Client agrees to pay for all services and reimbursable expenses in accordance with the attached Terms and Conditions and Schedule of Fees.

**VI. Closing**

If this proposal and Terms and Conditions are acceptable, please sign below and return to the undersigned. We thank you for the opportunity, and look forward to working with you and your client on this project. Please do not hesitate to contact us should you have any questions.



283803.9990.0000a/sap

Mr. Kim Burke
Taft Stettinius & Hollister LLP
July 24, 2017

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

Page 3

Sincerely,

**TRC Environmental Corporation**

Donald A. Fay, C.P.
Vice President

cc:     Frank J. Deveau - Partner, Taft Stettinius & Hollister LLP

Enclosures:
        Fee Schedule
        TRC Terms and Conditions

I hereby certify that I am authorized to enter into this agreement on behalf of Client, and accept and agree to the foregoing and all attachments including the Terms and Conditions on behalf of Client.

_____

*Name, Title (please print)*

_____

*Company Name (please print)*

_____     _____

*Signature*                                              *Date*



283803.9990.0000a/sap

# 2017 TRC Environmental Standard Rate Schedule

| CODE | TRC Labor Classification/Category | Hourly Labor Rate |
|------|-----------------------------------|-------------------|
| | **Principal/Princ. Sci./Princ. Eng.** | |
| A4 | Level IV | $287 |
| A3 | Level III | $249 |
| A2 | Level II | $221 |
| A1 | Level I | $204 |
| | **Project Manager** | |
| B4 | Level IV | $199 |
| B3 | Level III | $176 |
| B2 | Level II | $155 |
| B1 | Level I | $136 |
| | **Senior Scientist/Planner/Engineer** | |
| C4 | Level IV | $188 |
| C3 | Level III | $169 |
| C2 | Level II | $146 |
| C1 | Level I | $121 |
| | **Scientist/Planner/Engineer** | |
| D4 | Level IV | $116 |
| D3 | Level III | $100 |
| D2 | Level II | $88 |
| D1 | Level I | $76 |
| | **Designer/Technician/Inspectors** | |
| E4 | Level IV | $100 |
| E3 | Level III | $87 |
| E2 | Level II | $66 |
| E1 | Level I | $44 |
| | **Drafting/CADD/GIS** | |
| F4 | Level IV | $116 |
| F3 | Level III | $100 |
| F2 | Level II | $77 |
| F1 | Level I | $66 |
| | **Project Support/Clerical** | |
| G4 | Level IV | $105 |
| G3 | Level III | $83 |
| G2 | Level II | $66 |
| G1 | Level I | $56 |

A 15% mark up will be added to non-labor costs and expenses/ODCs to address client insurance, AP processing, procurement, contracting and client warrantee of performance.

A 6% Communication Fee will be applied to all labor charges in lieu of separate reimbursement for routine photocopying, faxing, computer usage, telephone charges and routine postage costs.

Overtime rates will apply to non-exempt (hourly) staff in conformance with applicable law.

TRC Rates are subject to an annual calendar year escalation.

Invoicing will apply TRC billing rates in conformance with the rate schedule in effect at the time of the services.

For Litigation or Litigation Support Services, please request a copy of our Standard Rates for Litigation Services.

**TRC ENVIRONMENTAL CORPORATION**
**TERMS AND CONDITIONS**

## 1.0   SERVICES

TRC Environmental Corporation ("Consultant") will provide environmental consulting and other professional services on behalf of Client as provided in the Scope of Work. Client is defined in the attached Proposal or Scope of Work. Unless otherwise stated, Consultant's Proposal to perform the Scope of Work expires sixty (60) days from its date and may be modified or withdrawn by Consultant prior to receipt of Client's acceptance. The offer and acceptance of any services or goods covered by the Proposal is conditioned upon these terms and conditions. Any additional or different terms and conditions proposed by Client are objected to and will not be binding upon Consultant unless specifically agreed to in writing by Consultant. An order or statement of intent to purchase Consultant's services, or any direction to proceed with, or acquiescence in the commencement of work shall constitute consent to these terms and conditions.

## 2.0   COMPENSATION

2.1   Consultant will invoice for its services on a time and materials basis using the Schedule of Rates and Terms attached as Exhibit 1 or embodied in the referenced Proposal. Prices or rates quoted do not include state or local taxes where applicable.  Our services may include reimbursable expenses, which are charges incurred for travel, transportation, temporary lodging, meals, telephone calls, fax, postage, courier service, photographic, photocopying and other fees and costs reasonably incurred in connection with the services.

2.2   Unless otherwise stated in the Proposal, Consultant will submit invoices for services related to the Scope of Work on at least a monthly basis, and Client will make payment within thirty (30) days of receipt of Consultant's invoices. If Client objects to any portion of an invoice, the Client will notify Consultant within fifteen (15) days from the date of receipt of the invoice and will pay that portion of the invoice not in dispute, and the parties shall immediately make every effort to settle the disputed portion of the invoice.

2.3   If Client fails to make any payment due to Consultant within thirty (30) days after receipt of an invoice, then the amount due Consultant will increase at the rate of 1.5 percent per month after the 30th day. If a retainer has been required and the Client has not paid the invoice within thirty (30) days, TRC shall be entitled to draw upon the retainer to satisfy the past due invoice. In addition, Consultant may, after giving seven (7) days' written notice to Client, suspend its services and any deliverables until Consultant has been paid in full for all amounts outstanding more than thirty (30) days. In the event that Consultant must resort to legal action to enforce collection of payments due, Client agrees to pay attorney fees and any other costs resulting from such action.

## 3.0   CLIENT'S RESPONSIBILITIES

3.1   Client will designate in writing the person or persons with authority to act in Client's behalf on all matters concerning the work to be performed by Consultant for Client.

3.2    Client will furnish to Consultant all existing studies, reports, data and other information available to Client which may be necessary for performance of the work, authorize Consultant to obtain additional data as required, and furnish the services of others, where necessary, for the performance of the work.  Consultant will be entitled to use and rely upon all such information and services.

3.3    Unless otherwise stated in the Proposal, Client shall be responsible to provide Consultant access to the work site or property to perform the work.

**4.0    PERFORMANCE OF SERVICE**

4.1    Consultant's services will be performed in conformance with the Scope of Work set forth in the Proposal.

4.2    Additional services will be performed and completed in conformance with any supplemental proposals or Scopes of Work approved in writing by the Client.

4.3    Consultant's services for the Scope of Work will be considered complete at the earlier of (i) the date when Consultant's report is accepted by the Client or (ii) thirty (30) days after the date when Consultant's report is submitted for final acceptance, if Consultant is not notified in writing within such 30-day period of a material defect in such report.

4.4    If any time period within or date by which any of Consultant's services are to be performed is exceeded for reasons outside of Consultant's reasonable control, all rates, measures and amounts of compensation and the time for completion of performance shall be subject to equitable adjustment.

**5.0    CONFIDENTIALITY**

Consultant will hold confidential all information obtained from Client, not otherwise previously known to us, unless such information comes into the public domain through no fault of ours, is furnished to us by a third party who is under no obligation to keep such information confidential, or is independently developed by us.

**6.0    STANDARD OF CARE**

6.1    In performing services, Consultant agrees to exercise professional judgment, made on the basis of the information available to Consultant, and to use the same standard of care and skill ordinarily exercised in similar circumstances by consultants performing comparable services in the region.  This standard of care shall be judged as of the time and place the services are rendered, and not according to later standards.    Reasonable people may disagree on matters involving professional judgment and, accordingly, a difference of opinion on a question of professional judgment shall not excuse CLIENT from paying for services rendered or result in liability to Consultant.

6.2    If any failure to meet the foregoing standard appears during one year from the date of completion of the service and Consultant is promptly notified thereof in writing, Consultant will at its option and expense re-perform the nonconforming work or refund the amount of compensation

Case: 1:24-cv-00015-DRC Doc #: 4 Filed: 01/09/24 Page: 14 of 37 PAGEID #: 236

THE FOREGOING IS EXCLUSIVE AND IN LIEU OF ANY AND ALL WARRANTIES, WHETHER WRITTEN, ORAL, IMPLIED OR STATUTORY, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. CONSULTANT DOES NOT WARRANT ANY PRODUCTS OR SERVICES OF OTHERS DESIGNATED BY CLIENT.

## 7.0     INSURANCE

Consultant will procure and maintain insurance as required by law. At a minimum, Consultant will have the following coverage:

(a)     Worker's compensation and occupational disease insurance in statutory amounts.

(b)     Employer's liability insurance in the amount of $1,000,000.

(c)     Automotive liability in the amount of $1,000,000.

(d)     Comprehensive General Liability insurance for bodily injury, death or loss of or damage to property of third persons in the amount of $1,000,000 per occurrence, $2,000,000 in the aggregate.

(e)     Professional errors and omissions insurance in the amount of $1,000,000.

## 8.0     INDEMNITY

8.1     Each party assumes full responsibility for any claims, suits, accidents, injuries (including death) or damages to the person or property of any third party resulting from its own negligent, reckless or willful acts or those of any of its employees, representatives, contractors, consultants and agents in connection with the services rendered, and, to the extent of its proportionate responsibility therefor, will indemnify, defend and save harmless the other Party, its employees, representatives, contractors, consultants and agents from any costs, liabilities or expenses arising out of such negligent, reckless or willful acts.

8.2     Notwithstanding the foregoing, in the event that Consultant performs intrusive ground work as part of the Scope of Work, Client shall indemnify, defend and hold Consultant harmless from and against any and all claims, suits, accidents, injuries (including death) or damages to the person or property of any third party, including reasonable attorney's fees, resulting directly or indirectly from, or in any way arising out of, damages to subsurface or underground utilities or structures, including but not limited to, gas, telephone, electric, water or sewer utilities whose locations were not designated or identified to Consultant prior to the commencement of any subsurface investigation or cleanup, including but not limited to, excavation, drilling, boring, or probing required to be conducted by Consultant as part of site investigation, characterization or remediation work.

8.3     To the extent the Scope of Work or any Request for Services under this Agreement requires Consultant to communicate (e.g., perform interviews) with any third party including, but not limited to, owners of off-site locations, former employees, current employees or governmental authorities, Consultant shall so inform Client. Client may request that Consultant limit or fully avoid any such third party communications. Client will indemnify and hold Consultant harmless from and against loss, damage, expense or penalty to the extent arising from claims of breach of confidentiality, waiver of privilege or otherwise associated with any such communications.

## 9.0     ALLOCATION OF RESPONSIBILITY

9.1     Consultant shall be liable to Client only for direct damages to the extent caused by Consultant's negligence or willful misconduct in the performance of its services. UNDER NO CIRCUMSTANCES SHALL CONSULTANT BE LIABLE FOR INDIRECT, CONSEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES, OR FOR DAMAGES CAUSED BY CLIENT'S FAILURE TO PERFORM ITS OBLIGATIONS. To the fullest extent permitted by law, the total liability in the aggregate of Consultant and its employees, subcontractors or suppliers to Client and anyone claiming by, through or under Client on all claims of any kind (excluding claims for death or bodily injury) arising out of or in any way related to Consultant's services, or from any cause or causes whatsoever, including but not limited to negligence, errors, omissions, strict liability, indemnity or breach of contract, shall not exceed the total compensation received by Consultant under this agreement, or the total amount of $250,000, whichever is greater. All such liability shall terminate on the expiration date of the warranty period specified in Section 6.

9.2     If Consultant furnishes Client with advice or assistance concerning any products, systems or services which is not required under the Scope of Work or any other contract among the parties, the furnishing of such advice or assistance will not subject Consultant to any liability whether in contract, indemnity, warranty, tort (including negligence), strict liability or otherwise.

## 10.0    DISPOSAL OF CONTAMINATED MATERIAL

10.1    Client understands and agrees that Consultant is not, and has no responsibility as, a generator, operator, owner, treater, arranger or storer of pre-existing substances or wastes found or identified at work sites, including drilling and cutting fluids and other samples. Consultant shall not directly or indirectly assume title to such substances or wastes and shall not be liable to third parties alleging that Consultant has or had title to such materials. Client will indemnify and hold harmless Consultant from and against all losses, damages, costs and expenses, including but not limited to attorneys' fees, arising or resulting from actions brought by third parties alleging or identifying Consultant as a generator, operator, arranger, storer, treater or owner of pre-existing substances or wastes found or identified at work sites.

10.2    Ownership of all samples obtained by Consultant from the project site is maintained by Client. Consultant will store such samples in a professional manner for the period of time necessary to complete the project. Upon completion of the project, Consultant will return any unused samples or portions thereof to Client or, at Consultant's option using a manifest signed by Client as generator, dispose of the samples in a lawful manner and bill Client for all costs related thereto. Consultant will normally store samples for thirty (30) days.

E-FILED 12/12/2023 9:56 AM / CONFIRMATION 1404640 / A 2303181 / JUDGE ALLEN / COMMON PLEAS DIVISION / ACOM

11.1    All notes, memoranda, drawings, designs, specifications and reports prepared by Consultant shall become Client's upon completion of the payment to Consultant as provided herein.

11.2    All documents including drawings and specifications prepared by Consultant pursuant to the Scope of Work are instruments of service with respect to this project. Such documents are not intended or represented to be suitable for reuse by Client or by any other party on subsequent extensions or phases of this project or site or on any other project or site without the written consent of both Client and Consultant.

11.3    Any reuse without written approval or adaptation by Consultant for the specific purpose intended will be at the Client's sole risk and without liability or legal exposure to Consultant. Any such reuse requested by Client will entitle Consultant to further compensation at rates to be agreed upon by Client and Consultant. A request by Client to provide a letter of reliance to a third party will entitle Consultant to assess a small charge in connection with documenting its consent.

11.4    Consultant will retain the technical project file for a period of six (6) years from project completion (if Client is a governmental entity, files shall be maintained for a 10-year period following project completion). Client shall notify Consultant at the completion of work if Client requires the file in this matter to be transferred to Client or another entity, or retained by Consultant for a longer period of time. In the absence of any written instructions to the contrary from Client, Consultant will have the right to discard any and all files, records or documents of any type related to the Scope of Work after the 6-year period. During this 6-year period, any requests for document recovery and reproduction will be assessed a fee in accordance with Consultant's Schedule of Fees.

## 12.0    INDEPENDENT CONTRACTOR

Consultant is an independent contractor and shall not be regarded as an employee or agent of the Client.

## 13.0    COMPLIANCE WITH FEDERAL, STATE AND LOCAL LAWS

The Consultant shall observe all applicable provisions of the federal, state and local laws and regulations, including those relating to equal opportunity employment.

## 14.0    SAFETY

14.1    Client shall be obligated to inform Consultant and its employees of any applicable site safety procedures and regulations known to Client as well as any special safety concerns or dangerous conditions at the site. Consultant and its employees will be obligated to adhere to such procedures and regulations once notice has been given.

14.2    Unless specifically provided in the Scope of Work, Consultant shall not have any responsibility for overall job safety at the site. If in Consultant's opinion, its field personnel are

unable to access required locations or perform required services in conformance with applicable safety standards, Consultant may immediately suspend performance until such safety standards can be attained. If within a reasonable time site operations or conditions are not brought into compliance with such safety standards, Consultant may in its discretion terminate its performance in accordance with Section 17.0, in which event Client shall pay for services and termination expenses as provided herein.

## 15.0   LITIGATION

At the request of Client, Consultant agrees to provide testimony and other evidence in any litigation, hearings or proceedings to which Client is or becomes a party in connection with the Scope of Work. Client agrees to compensate Consultant at its Litigation Rates in effect at the time the services are rendered for its time and other costs in connection with such evidence or testimony. Similarly, if Consultant is compelled by legal process to provide testimony or produce documents or other evidence in connection with work performed, Consultant agrees to contact Client and cooperate with Client and Client's counsel. Client agrees to compensate Consultant at its Litigation Rates in effect at the time the services are rendered for its time, expense and retention of counsel in connection with such testimony or document and other evidentiary production.

## 16.0   NOTICE

All notices to either party by the other shall be deemed to have been sufficiently given when made in writing and delivered in person, by facsimile, email, certified mail or courier to the address of the respective party or to such other address as such party may designate.

## 17.0   TERMINATION

The performance of work may be terminated or suspended by either party, in whole or in part. Such termination shall be effected by delivery of seven (7) days prior written notice specifying the extent to which performance of work is terminated and the date upon which such action shall become effective. In the event work is terminated or suspended by Client (or by Consultant as provided herein) prior to the completion of services contemplated hereunder, Consultant shall be paid for (i) the services rendered to the date of termination or suspension; (ii) demobilization costs; (iii) costs incurred with respect to noncancellable commitments; and (iv) reasonable services provided to effectuate a professional and timely project termination or suspension.

## 18.0   SEVERABILITY

If any term, covenant, condition or provision of these Terms and Conditions is found by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of these Terms and Conditions shall remain in full force and effect, and shall in no way be affected, impaired or invalidated thereby.

## 19.0   WAIVER

Any waiver by either party or any provision or condition of these Terms and Conditions shall not be construed or deemed to be a waiver of a subsequent breach of the same provision or condition, unless such waiver is so expressed in writing and signed by the party to be bound.

**20.0  GOVERNING LAW**

These Terms and Conditions will be governed by and construed and interpreted in accordance with the laws of the State of Connecticut, without regard to choice of law or conflict of law principles.

**21.0  CAPTIONS**

The captions of these Terms and Conditions are intended solely for the convenience of reference and shall not define, limit or affect in any way the provisions, terms and conditions hereof or their interpretation.

**22.0  ENTIRE AGREEMENT**

These Terms and Conditions, and the Scope of Work, represent the entire understanding and agreement between the parties and supersede any and all prior agreements, whether written or oral, and may be amended or modified only by a written amendment signed by both parties.

# Exhibit B

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

| | |
|---|---|
| **Date:** | May 3, 2021 |
| **To:** | Mr. Frank Deveau, Partner<br>Taft, Stettinius & Hollister LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, Indiana 46204-2023<br>o/b/o: Ohio Decorative Products LLC |
| **Project Name:** | Spencerville RCRA Closure Activities |
| **Facility Location:** Spencerville, Ohio | **TRC Project Number:** 442013.0000.0000 |

**The Agreement consists of the following documents:**

(a) This Work Authorization Form
(b) Schedule
(c) Scope of Services
(d) Deliverables

**Schedule**

Approximate Start Date: May 3, 2021
Approximate Completion Date: May 3, 2022

TRC Environmental Corporation (TRC) is pleased to provide this proposal for continued environmental consulting services associated with the Ohio Decorative Products (ODP) property in Spencerville, Ohio. We understand that services would be performed to assist you in providing legal advice to your client regarding the environmental condition of the property. TRC further understands that this matter is confidential, and all information gathered during our services will be subject to attorney-client privilege.

The Spencerville Closure Plan (dated May 1, 2020) was submitted to Ohio EPA May 8, 2020. Approval of the plan was received by Ohio EPA on July 17, 2020. With approval of the Closure Plan, TRC has identified additional tasks to be implemented, specifically implementing closure activities in accordance with the Closure Plan and as summarized below.

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

### Scope of Services

The soil remediation described in the Closure Plan and bid specifications (March 2021) will be performed under the Resource Conservation and Recovery Act (RCRA) program and the Ohio Voluntary Program (Ohio VAP); specifically, Treatment Cells within the designated RCRA Units will be managed under RCRA and Treatment Cells outside the RCRA Units will be managed under the Ohio VAP. The scope of services identified here include those services that are managed under RCRA. The selected contractor will contract directly with ODP. These include costs for site preparation, concrete scarification and disposal, source removal and treatment, disposal and transportation, and backfill and restoration. Therefore, the scope of services included under this Work Authorization are for TRC services and related RCRA tasks as follows:

#### *Coordinate Closure Activities*

TRC is finalizing securing the selected contractor as noted above and anticipates initiating on-site activities the week of May 17th. Additional procurement will be required for services such as analytical services, surveying, utility clearance, etc. TRC will monitor activities to maintain the remediation schedule and all related activities. Continued correspondence regarding updates and schedules with counsel, ODP, and Ohio EPA will be performed as needed.

#### *Remediation Oversight*

Active remedy at the Property is anticipated to occur over a 10-week duration. TRC will oversee all activities during remediation (e.g., site preparation, concrete scarification and disposal, source removal and treatment, disposal and transportation, and backfill and restoration). This includes oversight of in-situ soil treatment and sampling activities to confirm that VOC concentrations are reduced to below applicable standards prior to disposal as nonhazardous waste. Additionally, TRC will review project invoices from the Contractor prior to submittal for payment.

#### *Closure Certification*

Confirmation soil samples will be collected by TRC from each treatment cell as defined in the Closure Plan and the Closure Plan Amendment when the planned excavation extents are reached. The confirmation soil samples will be submitted for laboratory analysis for the site-

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

specific chemicals-of-concern (COCs) to verify that Closure Performance Standards have been achieved in accordance with the approved Closure Plan.

Upon conclusion of all work described above, TRC will provide ODP certification that the Units have been closed in accordance with the specifications in the approved Closure Plan. Final closure of the Units will be certified by a representative from ODP and an independent, registered, professional engineer involved with the closure process. A Closure Certification Document will be submitted to the Ohio EPA within 60 days of completion of the closure activities.

### *Continued Agency Discussions*

As directed, TRC will continue to provide general assistance and support with the ODP property. TRC will work and correspond with Ohio EPA to keep ODP and the agency informed on progress and implementation of the Closure Plan.

### Deliverables

TRC will provide you and ODP with all applicable reports, data summaries, and correspondences (e.g., e-mails, site meetings, teleconferencing) to meet your needs pertaining to the above activities.

### Fee Proposal

TRC proposes to perform the Scope of Services on a time-and-expenses basis under the terms of the existing Terms and Conditions that were executed for this project (see July 24, 2017 Proposal No. 283803.9990a.0000). The estimated total fees for this Work Authorization are **$198,000**. This is consistent with the costs specified for Financial Assurance without contingencies. Should you or ODP request TRC to make changes in the services or to perform additional services, then TRC will prepare an additional Work Authorization for acceptance.

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

| Description of Changes<br>Project No. 442013.0000 | Estimated Cost |
|---|---|
| **Coordinate Closure Activities**<br>· Contactor Procurement<br>· Schedules<br>· Continued correspondence with counsel, client, and regulating agency as needed | $4,000 |
| **TRC Remediation Oversight**<br>· 10-week duration<br>· Project equipment and related expenses<br>· Sampling and analytical fees<br>· Financial Assurance documentation | $149,000 |
| **Closure Certification**<br>· Confirmation sampling<br>· Closure certification and documentation | $45,000 |
| **Continued Agency Discussions**<br>· Client and Agency discussions as needed for next three months | --<br>(*included in above costs*) |
| **Work Authorization Total:** | $198,000 |

**This Proposal is valid until December 31, 2021.**

**Acceptance**

Authorization for TRC to commence work included in the Work Authorization constitutes acceptance of this Agreement. Acceptance can be made by signing in the place provided below or by receipt of written authorization from Client to TRC to commence work. Acceptance is limited to the terms stated herein, and any additional or different terms are rejected unless expressly agreed to in writing by TRC.

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

**APPROVED AND ACCEPTED AS OF THE DATE SHOWN BELOW:**

**TRC Environmental Corporation**

_____
Signature

Donald Fay
_____
Printed Name

Vice President
_____
Title

_____
Date

**Ohio Decorative Products LLC**

_____
Signature

KEVIN GASKILL
_____
Printed Name

DIRECTOR OF ENGINEERING + SAFETY
_____
Title

5/11/21
_____
Date

# Exhibit C

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

| | |
|---|---|
| **Date:** | May 19, 2021 |
| **To:** | Mr. Frank Deveau, Partner<br>Taft, Stettinius & Hollister LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, Indiana 46204-2023<br>o/b/o: Ohio Decorative Products LLC |
| **Project Name:** | Spencerville VAP-MOA Activities |
| **Facility Location:** Spencerville, Ohio | **TRC Project Number:** 444854.9990.0000 |

**The Agreement consists of the following documents:**

(a)  This Work Authorization Form
(b)  Schedule
(c)  Scope of Services
(d)  Deliverables

**Schedule**

Approximate Start Date:          May 19, 2021
Approximate Completion Date:     May 19, 2022

TRC Environmental Corporation (TRC) is pleased to provide this proposal for continued environmental consulting services associated with the Ohio Decorative Products (ODP) property in Spencerville, Ohio. We understand that services would be performed to assist you in providing legal advice to your client regarding the environmental condition of the property. TRC further understands that this matter is confidential, and all information gathered during our services will be subject to attorney-client privilege.

The draft Interim Remedial Action Plan (RAP) was submitted to Ohio EPA April 2, 2020. Approval of the draft plan for public notice was received by Ohio EPA on May 4, 2021. The Interim RAP is currently available at the project repository (Lima Public Library – Spencerville Branch) for review. TRC has identified additional tasks to be implemented, specifically with implementing remedial activities in accordance with the draft Interim RAP and related

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio  44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

activities under the Ohio EPA Voluntary Action Program (VAP) Memorandum of Agreement (MOA) (VAP-MOA).  These tasks are summarized below.

## Scope of Services

The soil remediation described in the Closure Plan and bid specifications (March 2021) will be performed under the Resource Conservation and Recovery Act (RCRA) program and the Ohio Voluntary Program (Ohio VAP); specifically, Treatment Cells within the designated RCRA Units will be managed under RCRA and Treatment Cells outside the RCRA Units will be managed under the Ohio VAP.  The scope of services identified here include those services that are managed under the Ohio VAP.  The selected contractor will contract directly with ODP. These include costs for site preparation, concrete scarification and disposal, source removal and treatment, disposal and transportation, and backfill and restoration.  Therefore, the scope of services included under this Work Authorization are for TRC services and related Ohio VAP tasks as follows:

### *Ohio VAP Administrative Tasks and Documentation*

TRC has completed and submitted all applicable documents to Ohio EPA and the Property is formally enrolled under the VAP-MOA track.   TRC will continue to maintain the document repository (at the local library) for documents related to the Property under the VAP-MOA track.  As noted above, the draft Interim RAP is currently under public comment.  At the close of the comment period, any comments will be considered, and the draft Interim RAP will be revised as appropriate.  TRC will monitor activities to maintain the remediation schedule and all related activities, and communicate information with counsel, ODP, and Ohio EPA as required.

### *Implementation of the Interim Remedial Action Plan*

Active remedy at the Property is anticipated to occur over a 10-week duration.  TRC will oversee all activities during remediation (e.g., site preparation, concrete scarification and disposal, source removal and treatment, disposal and transportation, and backfill and restoration).  This includes oversight of *in-situ* soil treatment and related activities to confirm that VOC concentrations are reduced to below applicable standards prior to disposal as nonhazardous waste.  Additionally, TRC will review project invoices from the Contractor prior to submittal for payment.

E-FILED 12/12/2023 9:56 AM  /  CONFIRMATION 1404640  /  A 2303181  /  JUDGE ALLEN  /  COMMON PLEAS DIVISION  /  ACOM

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio  44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

Much of this work falls under the RCRA Closure activities.  However, a network of trenches, sub-grade utilities, conduits, and other site-related factors support the likelihood of multiple and commingled sources of contaminants impacting soil that are not located within or attributable to the RCRA Units.  Assuming no migration conduits are discovered prior to or during RCRA remediation, soil contamination outside of the Units will be considered to be from non-RCRA releases and will be addressed under corrective action following the Ohio VAP-MOA.  Active remediation will be initiated with RCRA-related activities and move out to the VAP-MOA treatment cells.  Although not precise, active remediation for RCRA-related tasks are scheduled for a 10-week duration, with VAP-MOA related activities overlapping for approximately six weeks.   Therefore, activities under this task are assumed to be under the VAP-MOA track.  Tasks under the VAP-MOA track will be performed in accordance with the Interim Remedial Action Plan (Interim RAP).   These tasks include soil removal, *in-situ* soil treatment (where applicable), and disposal.  Additionally, confirmation sampling will be performed to confirm that soil treatment meets the Contained-in-Demonstration (CID) standards for disposal and the extent of the soil removal meets VAP standards in accordance with the Interim RAP.  Once applicable standards are achieved, the excavation will be backfilled and restored according to the RAP.

***Ground Water and Vapor Intrusion Evaluation***

Site-wide ground water is to be assessed through the VAP-MOA track.  This includes further evaluation of ground water beneath the Unit(s) and/or downgradient of affected media.  Therefore, two additional monitoring wells will be installed downgradient of the RCRA Units.  These wells will be developed and sampled for chemicals of concern (COCs), along with the existing network of wells.  To establish the flow direction a licensed surveyor will measure the top of casing elevation for the new monitoring wells.  Water levels will be measured prior to sampling so that a ground water elevation and flow map can be prepared.  Ground water will be evaluated to determine VAP ground water response requirements.

Additionally, soil gas samples will be collected following remediation to confirm that VOCs in ground water and soil in the form of vapors, meet risk-based criteria for vapor intrusion into potential future buildings.  Four locations will be strategically selected for soil gas sampling in accordance with VAP protocol.

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

*Reporting and Continued Agency Discussions*

TRC will be responsible for data management and validation of all related data. Upon evaluation of the work described above, TRC will provide conclusions and recommendations for further requirements to pursue a No Further Action Letter that documents whether VAP applicable standards have been achieved. Remedial Action Objectives will be met when the remediation of affected media resulting from impacts outside the boundaries of the three Units is completed and concentrations in soil meet the following criteria:

- Protection of Ground Water for Potable Use (Maximum Contaminant Levels – MCLs).
- Risk-Based Direct Contact Standards for unrestricted end-use.
- Risk-Based Soil Gas Standards for vapor intrusion into potential future buildings.

As directed, TRC will continue to provide general assistance and support with the ODP property. TRC will work and correspond with Ohio EPA to keep ODP and the agency informed on progress and implementation of all applicable activities performed.

### Deliverables

TRC will provide you and ODP with all applicable reports, data summaries, and correspondences (e.g., e-mails, site meetings, teleconferencing) to meet your needs pertaining to the above activities.

### Fee Proposal

TRC proposes to perform the Scope of Services on a time-and-expenses basis under the terms of the existing Terms and Conditions that were executed for this project (see July 24, 2017 Proposal No. 283803.9990a.0000). The estimated total fees for this Work Authorization are **$260,500**. As described above, this includes VAP-MOA costs during and closely following the RCRA Closure activities. Should you or ODP request TRC to make changes in the services or to perform additional services, then TRC will prepare an additional Work Authorization for acceptance.

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

| Description of Charges | Estimated Costs |
|---|---|
| ***Ohio VAP Administrative Tasks and Documentation***<br>    Maintain document repository<br>    Public Comment period<br>    Agency correspondence and related activities | $2,500 |
| ***Implementation of the Interim Remedial Action Plan (RAP)***<br>    Soil Remediation/removal (i.e., removal, treatment, disposal)<br>    Confirmation Sampling<br>      Treatment Confirmation Sampling<br>      Closure Confirmation Sampling<br>    Backfill/Restoration | $194,000 |
| ***Ground Water and Vapor Intrusion Evaluation***<br>    Install/develop/sample 2 additional monitoring wells<br>    Semi-annual monitoring /elevations (single event - all wells)<br>    Soil Gas Sampling (4 locations) | $52,000 |
| ***Reporting and Continued Agency Discussions***<br>    Data management<br>    Preliminary risk screening<br>    Conclusions and recommendations | $12,000 |
| **TOTAL:** | **$260,500** |

**This Proposal is valid until December 31, 2021.**

**Acceptance**

Authorization for TRC to commence work included in the Work Authorization constitutes acceptance of this Agreement. Acceptance can be made by signing in the place provided below or by receipt of written authorization from Client to TRC to commence work. Acceptance is limited to the terms stated herein, and any additional or different terms are rejected unless expressly agreed to in writing by TRC.

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio  44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

**APPROVED AND ACCEPTED AS OF THE DATE SHOWN BELOW:**

**TRC Environmental Corporation**

_____
Signature

Donald Fay
_____
Printed Name

Vice President
_____
Title

_____
Date

**Ohio Decorative Products LLC**

_____
Signature

KEVIN GASKILL
_____
Printed Name

DIRECTOR OF ENGINEERING + SAFETY
_____
Title

5/26/21
_____
Date

# Exhibit D

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

| | |
|---|---|
| **Date:** | November 5, 2021 |
| **To:** | Mr. Frank Deveau, Partner<br>Taft, Stettinius & Hollister LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, Indiana 46204-2023<br>o/b/o: Ohio Decorative Products LLC |
| **Project Name:** | Spencerville RCRA Closure Activities |
| **Facility Location:** Spencerville, Ohio | **TRC Project Number:** 442013.0000.0000 |

**The Agreement consists of the following documents:**

(a)   This Work Authorization Form
(b)   Schedule
(c)   Scope of Services
(d)   Deliverables

**Schedule**

Approximate Start Date:          November 8, 2021
Approximate Completion Date:     November 8, 2022

TRC Environmental Corporation (TRC) is pleased to provide this proposal for continued environmental consulting services associated with the Ohio Decorative Products (ODP) property in Spencerville, Ohio. We understand that services would be performed to assist you in providing legal advice to your client regarding the environmental condition of the property. TRC further understands that this matter is confidential, and all information gathered during our services will be subject to attorney-client privilege.

The Spencerville Closure Plan (dated May 1, 2020) was submitted to Ohio EPA May 8, 2020. Approval of the plan was received by Ohio EPA on July 17, 2020. With approval of the Closure Plan, TRC has implemented closure activities in accordance with the Closure Plan and Closure Plan Amendment (dated March 4, 2021). As closure remediation activities progress additional efforts have been required resulting from identified subsurface structures and potential impacts

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

due to historical site activities. Consequently, remediation activities have extended beyond the estimated schedule. TRC has identified additional tasks to be implemented to complete the closure activities in accordance with the Closure Plan and as summarized below.

## Scope of Services

The soil remediation described in the Closure Plan is currently being performed under the Resource Conservation and Recovery Act (RCRA) program and the Ohio Voluntary Program (Ohio VAP); specifically, Treatment Cells within the designated RCRA Units are managed under RCRA and Treatment Cells outside the RCRA Units are managed under the Ohio VAP. However, with completion of the final remediation tasks distinction between the treatment cells between the two programs has become increasingly difficult due to the complicated piping and subsurface vaults and trenches across the property and seemingly connecting the cells. Therefore, the scope of services identified here include services that are managed under RCRA. AST Enterprises, Inc. (AST), the selected contractor, will contract directly with ODP. These include costs for source removal, treatment, disposal and transportation, and backfill and restoration. Therefore, the scope of services included under this Work Authorization are for TRC services and related RCRA tasks as follows:

### Complete On-Site Closure Activities

Active remedy at the Property was anticipated to occur over a 10-week duration. As noted, remediation has been substantially extended due to complications resulting from the network of subsurface structures (e.g., pipes, vaults, trenches) and additional impacts identified as remedy proceeded. However, a substantial number of treatment cells have been loaded out (soil removed for disposal) and we are approaching the limits of the excavation. Therefore, completion of on-site closure activities includes TRC oversight of the on-going remediation, continued sampling for disposal (i.e., Contained-in-Determination) and to determine whether Closure Performance Standards (CPSs) have been achieved, documentation and correspondence with the Agency, site surveys, on-going data management and reporting, and ultimately oversight of backfill and restoration.

### Ground Water Evaluation and Soil Gas Sampling

Although ground water assessment will be further addressed as necessary under the Ohio VAP, the RCRA Closure Plan requires the installation of two monitoring wells downgradient of the

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

Units to verify that ground water has not been impacted. The Closure Certification Report (CCR) cannot be completed until this has been performed. Two rounds of sampling and ground water elevations are required to make this demonstration. Additionally, since the chemicals of concern (COCs) at the site include Volatile Organic Compounds (VOCs), soil gas sampling must also be performed to determine whether potential vapor intrusion poses unacceptable risks for on-site and off-site receptors. Therefore, this task includes the installation of the additional monitoring wells, two rounds of ground water sampling and ground water flow determination, soil gas sampling, risk assessment, data management and reporting, and continued correspondence with the Agency.

### Closure Certification

As noted above, as the planned excavation extents are reached confirmation soil samples are currently being collected by TRC from each treatment cell as defined in the Closure Plan and the Closure Plan Amendment. The confirmation soil samples are submitted for laboratory analysis for the site-specific COCs to verify that Closure Performance Standards have been achieved in accordance with the approved Closure Plan.

Upon conclusion of all work described above, TRC will provide ODP certification that the Units have been closed in accordance with the specifications in the approved Closure Plan. Final closure of the Units will be certified by a representative from ODP and an independent, registered, professional engineer involved with the closure process. A Closure Certification Document will be submitted to the Ohio EPA within 60 days of completion of the closure activities.

### Continued Agency Discussions

As directed, TRC will continue to provide general assistance and support with the ODP property. TRC will work and correspond with Ohio EPA to keep ODP and the agency informed on progress and implementation of the Closure Plan.

### Deliverables

TRC will provide you and ODP with all applicable reports, data summaries, and correspondences (e.g., e-mails, site meetings, teleconferencing) to meet your needs pertaining to the above activities.

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

**Fee Proposal**

TRC proposes to perform the Scope of Services on a time-and-expenses basis under the terms of the existing Terms and Conditions that were executed for this project (see July 24, 2017 Proposal No. 283803.9990a.0000). The estimated total fees for this Work Authorization are **$303,000**. Should you or ODP request TRC to make changes in the services or to perform additional services, then TRC will prepare an additional Work Authorization for acceptance.

| Description of Changes<br>Project No. 442013.0000 | Estimated Cost |
|---|---|
| **Complete On-Site Closure Activities**<br>· Continued excavation/sampling and oversight<br>· Determination of Closure Performance Standards<br>· Site survey<br>· Data management and reporting<br>· Oversight of backfill and restoration | $230,000 |
| **Ground Water Evaluation and Soil Gas Sampling**<br>· Installation and development of two additional monitoring wells<br>· Two rounds of ground water sampling (entire well network)<br>· Soil gas sampling<br>· Data management, figures generation, reporting | $48,000 |
| **Closure Certification**<br>· Continued Confirmation sampling<br>· Closure certification and documentation | $25,000 |
| **Continued Agency Discussions**<br>· Client and Agency discussions as needed for next three months | --<br>(*included in above costs*) |
| Work Authorization Total: | $303,000 |

442013 (Work Authorization)

Page 4

 **CONTRACT WORK AUTHORIZATION**

TRC Environmental Corporation (TRC)
1382 West Ninth Street, Suite 400
Cleveland, Ohio 44113
Tel. (216) 344-3072

**PRIVILEGED AND CONFIDENTIAL**
*Prepared at Request of Counsel*

**This Proposal is valid until December 31, 2022.**

**Acceptance**

Authorization for TRC to commence work included in the Work Authorization constitutes
acceptance of this Agreement. Acceptance can be made by signing in the place provided below
or by receipt of written authorization from Client to TRC to commence work. Acceptance is
limited to the terms stated herein, and any additional or different terms are rejected unless
expressly agreed to in writing by TRC.

**APPROVED AND ACCEPTED AS OF THE DATE SHOWN BELOW:**

**TRC Environmental Corporation**

_____
Signature

Donald Fay
_____
Printed Name

Vice President
_____
Title

_____
Date

**Ohio Decorative Products LLC**

_____
Signature

KEVIN GASKILL
_____
Printed Name

DIRECTOR OF ENGINEERING + SAFETY
_____
Title

11/12/21
_____
Date